**CHARLES A. HINSCH & CO., Inc., v. ROWAN COUNTY, KY., et al.**

No. 9153.

Circuit Court of Appeals, Sixth Circuit.

March 5, 1942.

Harry Kasfir, of Cincinnati, Ohio (Frank E. Wood, Robert S. Marx, Harry Kasfir, and Nichols, Wood, Marx & Ginter,

all of Cincinnati, Ohio, on the brief), for appellant.

Clyde L. Miller, of Louisa, Ky. (Clyde L. Miller, of Louisa, Ky., and Elijah M. Hogge, of Morehead, Ky., on the brief), for appellees.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

In 1935, Woodmen of the World, a fraternal benefit corporation, was the owner of forty "Road and Bridge Funding Bonds," issued by Rowan County, Kentucky; and on default of payment of interest, suit was brought in the District Court against the county, and judgment entered in favor of the plaintiff, which, on appeal, was affirmed. Rowan County, Kentucky, v. Woodmen of the World, 6 Cir., 113 F.2d 940. Thereafter, the plaintiff assigned its judgment to appellant, an Ohio corporation, and under Rule 25 (c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, appellant was substituted as plaintiff, and various county officials were made parties defendant. Appellant then filed a supplemental petition for ancillary relief, asking the court to require the county to apply truck license funds and a portion of the "fifty cent levy" toward the payment of the judgment. The District Court ruled that such funds could not be so applied. It appearing that the ordinary necessary governmental expenses of the county would exhaust the entire 50 cent levy provided for by law, appellant filed an amended petition for ancillary relief, limiting its petition to asking for satisfaction of its judgment from the truck licenses and fees. On motion to dismiss, judgment was entered, dismissing the amended and supplemental petition, and review of such judgment is here sought.

Appellant contends that payment of the judgment on the bonds should be made from the fund transferred by the state to the county, representing revenue from truck license fees.

Section 4281w-3, Carroll's Kentucky Statutes, provides: "All funds realized from truck license and fees shall be distributed as provided in section two thousand seven hundred thirty nine g-two, subsection d, Carroll's 1930 Edition, Kentucky Statutes."

Section 2739g-2d, above referred to, levies a license fee on trucks, and provides: "One-half of all moneys raised by this tax shall be evenly distributed among the one hundred and twenty counties, one two hundred and fortieth (1/240) of all truck licenses going to each of the counties, for the county road funds."

Appellant argues that since these moneys go to county road funds, its judgment on county road bonds should be paid therefrom, because it is claimed that the county road fund is, by statute, subject to the payment of bonded indebtedness created by the construction or maintenance of public roads and bridges. Appellee denies that the county road funds are subject to such indebtedness. This is argued as one of the important issues in the case.

In support of its contention, appellant relies upon Section 4281w-2, Carroll's Kentucky Statutes, and Section 14 of the Gross Receipts Tax Act of 1934, Acts 1934, Ex. Sess., c. 25.

Section 4281w-2 provides: "The County Road Fund shall be distributed to the various counties of the Commonwealth as provided by Section 14 of the Gross Receipts Tax Act of One Thousand Nine Hundred Thirty-Four."

The Gross Receipts Tax Act of 1934 imposed a sales tax of 3%; and Section 14 of the Act provided that the aggregate of the total of the revenue, so collected, should be covered through the Auditor of Public Accounts into the State Treasury. It was provided that two-thirds of the revenue should be credited to the General Expenditure Fund. The Act then specifies: "The remaining one-third shall, by the Auditor of Public Accounts * * * be credited to a fund to be known as the 'County Road Fund,' and shall distribute said fund immediately to the several counties of the Commonwealth," in a manner prescribed. The Act then provides that the fund so received under the Act shall be subject to the payment of the bonded or floating indebtedness of the counties, created by construction or maintenance of public roads and bridges in the county.

Appellant, in brief, therefore, contends that funds received from the truck license fees are distributed to the counties for the county road funds; that the County Road Fund is required to be distributed to the counties as provided in Section 14 of the Gross Receipts Tax Act; that Section 14 of such Act provides that the County Road Fund, after distribution to the counties, be subject to payment of bonded county road

indebtedness for roads and bridges; that appellant's judgment is for a bonded indebtedness, created by the construction of county roads and bridges; that, therefore, appellant is entitled to have its judgment satisfied out of truck license revenues received by the county from the state, "for the county road funds."

Appellant's contention cannot be sustained for the reason that it is based upon a misconception of the application of the statutes in question, as well as because of the fact that its judgment is not based upon an indebtedness, created by the construction of county roads and bridges.

The revenue from the truck license fees, by virtue of Section 2739g-2d, goes to the counties "for the county road funds." Section 14 of the Gross Receipts Tax Act has no application whatever to these funds, as it is concerned only with the disposition of revenue from a sales tax. It is true that such Act provides that one-third of the revenues of such taxes are to be credited to a fund, "to be known as the 'County Road Fund.'"

But, as used in the statute, "County Road Fund" is the specific designation of the fund composed of one-third of the revenue realized from the Gross Receipts Tax, and its meaning is limited to that specified fund. The statute, in providing that the fund, after being received by the counties, shall be used for bonded and floating indebtedness, created by the construction of roads and bridges, emphasizes that the fund so subject thereto, is the fund "so received under this act"—that is, one-third of the sales tax revenues composing the fund "to be known as the 'County Road Fund.'" This fund, which is strictly defined, and given its special name by statute, of "the 'County Road Fund,'" is not the same as "county road funds"; and references in the statute to the County Road Fund in the State Treasury do not embrace all county road funds in the hands of the properly designated officials of counties. Section 4281w-2 also refers to the state fund, and not to the road funds in the hands of the counties.

Since the county road funds in county treasuries are not affected by Section 4281w-2 and Section 14 of the Gross Receipts Tax Act which refer to "the 'County Road Fund,'" as defined by statute, it is our conclusion that the truck license revenues received by the counties for the county road funds are not subject to the payment of the bonded indebtedness, represented by appellant's judgment, by virtue of the above-mentioned statutes. Moreover, appellant's judgment is not based upon bonds for indebtedness created by the construction and maintenance of county roads and bridges. While the bonds, upon which the judgment was entered, are designated "road and bridge funding bonds," the recitals in the bonds themselves set forth that they are issued "for the construction, equipment, repair, and maintenance of the public roads and bridges, *and repair and maintenance of the public buildings in said county.*"

Appellant contends that, whether or not Section 4281w-3 and Section 14 of the Gross Receipts Tax Act, are applicable to the fund created by truck license and fees which is transferred to the counties, this fund, created by Section 2739g-2d, is, in any event, subject to payment of road bond indebtedness of the counties—and, in this case, to appellant's judgment based on county road bonds. Whether such fund is subject to the payment of bonds issued for the purpose of funding an indebtedness of a county, which has been contracted for construction, maintenance, and equipment of county roads and bridges, we find it unnecessary to decide, for the reason, above mentioned, that the bonds were issued for public buildings as well as for roads and bridges.

Although judgment was entered against the county on these bonds, the conclusion does not follow that such a judgment can be satisfied out of a fund paid to the county by the state, solely for county road funds; and there can be no assumption in law, or of legislative intention, that indebtedness, incurred for public buildings, can be satisfied out of funds paid to counties for their roads. The fact that the indebtedness under the bonds supported a judgment against the county, does not sustain the collectibility of the judgment out of a fund constituted for purposes other than that for which the bonds were issued. The judgment was justified, on the *power* of the county to issue the bonds, and the estoppel of the county to deny the recitals therein that they were legal. This case is concerned with the satisfaction of the judgment out of a particular fund, which involves entirely different issues than those

192

in the cause in which the judgment was rendered.

However, it is asserted that two-thirds of the funds represented by the bonds were used for county road purposes, and that the fund from truck license and fees should be subject to payment of that part of the judgment which represents indebtedness actually incurred for county roads. On this review, we cannot split the judgment sued upon, into its different parts, ascertain, by conclusions of accounting, what portions thereof represent indebtedness for roads, and what, for public buildings; and order payment out of the county road fund for a portion of the judgment. The case was not tried before the District Court on any theory susceptible of such a remedy; and we cannot find error in a proper disposition of the cause according to the theory under which the case was submitted, and claim made by appellant before the trial tribunal.

Under our determination, it is unnecessary to discuss the effect of the repeal of the Gross Receipts Tax Act, and whether Section 4281w-2 was repealed by implication, or is obsolete.

While the judgment represents money secured by the county, and, apparently, used for its purposes and benefit, and should be paid, it is not within the scope of this review to direct enforcement thereof out of county road funds in the instant proceedings, any more than it is the office of this court to indicate, even if it were possible, what action of county, or legislature, or what remedies, could be of avail in such an objective.

The judgment of the District Court, dismissing appellant's petition, is affirmed.